Shauck, J.
It is admitted by all concerned that the trustees are seeking to pursue strictly the terms of their trust as defined in the will of Thomas Phillips, if the foregoing provision of that will is valid in all respects. But the plaintiffs *489 in error contend that, in so far as it attempts to devise an estate to the great grandchildren of the testator, it is void because in violation of the laws of the state to restrict the entaiiment of real estate, and that in consequence thereof the estate remains absolute in the issue of the first donee in tail. Our statute upon the subject, (Revised Statutes, section 4200), passed December 17, 1811, (S. & C., 550), is as follows:
“No estate in fee simple, fee tail, or any lesser estate in lands or tenements lying within this state, shall be given or granted by deed or will to any person or persons but such as are in being or to the immediate issue or descendents of such as are in being at the time of making such deed or will; and all estates given in tail shall be and remain an absolute estate in fee simple to the issue of the first donee in taii.”
While it is true that this is not an enabling act, it is a limitation upon the general authority to devise “at will and pleasure * * * all estates in lands, tenements, etc.,” conferred by the act of February 18, 1808,’Chase, St., 571, (Revised Statute, Sec. 5914). If the devise in question is not within the limitation, it is valid under the general authority. This supersedes inquiry as to the scope of the rule of the common law upon the subject. The statute does not contemplate mere possibilities. It forbids devises to persons who are in fact more remote than the immediate issue of persons in being at the time of the testator’s death. That further issue of the first donee in tail might come into being, is immaterial. In this view it is clear that the will contemplates no contingency in which the fee should vest in any one more remote than the immediate issue of a person *490 in being at the time of the testator’s death, if the youngest son of George was then' in being.
Maurice Dudley, at the time of the testator's death, was en ventre sa mere. To say he was in being is only to give unrestricted significance to a term used in the statute without restricting qualifications. Petal existence in statutes upon this general subject is regarded as being. Gray on Perpetuities, Sec. 220; Starling's Ex'r. v. Price, 16 Ohio St., 29; Turley v. Turley, 11 Ohio St., 173; McArthur v. Scott, 113 U. S., 340.
Since all the great grandchildren of the testator may take according to the terms of the devise, it is not necessary to consider the proposition that they take as a class.

Judgment affirmed.